```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


-------------------------------- x
DEMENTRIUS NAVE,                 :
                                 :
            Petitioner,          :   Civil No. 3:16-cv-1005(AWT)
                                 :
v.                               :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
            Respondent.          :
-------------------------------- x
```

### RULING ON MOTION TO SUPPLEMENT AND AMEND 28 U.S.C. § 2255 MOTION

Petitioner Dementrius Nave filed a motion to supplement and amend his amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He seeks to bring an additional claim of ineffective assistance of counsel. Because of the procedural posture of the case at the time Nave filed the instant motion, the court construes the motion as a motion for relief pursuant to Fed. R. Civ. P. 60(b). For the reasons set forth below, the motion is being denied without a hearing.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual background pertinent to the instant motion is set forth below. Additional detail with respect to the factual and procedural background is set forth in the Ruling on Motion Pursuant to 28 U.S.C. § 2255 (ECF No. 26).

On April 4, 2012, a federal grand jury returned a 14-count indictment charging Nave in Count One with conspiracy to distribute and to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); in each of Counts Two through Thirteen with possession with intent to distribute and distribution of a controlled substance (cocaine base), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and in Count Fourteen with possession with intent to distribute a controlled substance (cocaine base), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On November 11, 2013, Nave entered a guilty plea to the lesser included offense in Count One charging him with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). In the plea agreement, Nave waived his right to appeal or collaterally attack his conviction and sentence under certain circumstances.

The Presentence Report ("PSR") calculated the advisory range under the Sentencing Guidelines to be 151 to 188 months of imprisonment, based on a total offense level of 29, Criminal History Category VI, and a Career Offender enhancement under U.S.S.G. § 4B1.1. Nave's counsel submitted a sentencing memorandum. In addition, his counsel obtained permission to submit Nave's pro se sentencing memorandum in which he

challenged the Career Offender enhancement under U.S.S.G. § 4B1.1. In response, the government's sentencing memorandum addressed the issue of the Career Offender enhancement in depth, and the court concluded that the Career Offender enhancement applied.

On August 21, 2014, the court sentenced Nave to, inter alia, 180 months of imprisonment. Notwithstanding the appellate waiver, Nave filed an appeal. The government moved to dismiss Nave's appeal on the basis that he had waived his right to appeal and/or collaterally attack his conviction and sentence provided the sentence did not exceed the agreed-upon threshold, which it did not.

The Court of Appeals granted the government's motion to dismiss. In dismissing the appeal, the court held that Nave "has not demonstrated that the waiver of his appellate rights is unenforceable under United States v. Gomez-Perez, 215 F.3d 315, 219 (2d Cir. 2000)." Gov't Memo., Ex. C, Mandate (ECF No. 18-3); see also 3:12-cr-00069-AWT, United States v. Nave, Mandate (ECF No. 418). The Court of Appeals went on to say: "Insofar as Nave contends that his counsel was ineffective in failing to make certain arguments at sentencing, that claim does not affect the enforceability of his appeal waiver . . . and is more appropriately raised in a 28 U.S.C. § 2255 motion . . . ." Id.

Nave's petition for a writ of certiorari was denied by the Supreme Court.

The petitioner originally filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 relying on Johnson v. United States, 135 S. Ct. 2551 (2015). The petitioner argued that the residual clause in U.S.S.G. § 4B1.2(a)(2) at the time of his sentencing was void for vagueness.

Nave filed an amended petition on June 30, 2017 in which he argued that his trial counsel was ineffective for failing to argue that his prior convictions did not qualify as predicate offenses for purposes of the Career Offender enhancement.

The court concluded that "the representation by Nave's counsel did not fall below an objective standard of reasonableness" and denied the amended petition. Ruling on Am. Pet. (ECF No. 26) at 11. The court explained:

> [A]t sentencing, Nave's counsel concluded that he did not have a proper basis for challenging the Career Offender classification. However, Nave felt differently. Consequently, Nave's counsel obtained permission from the court to submit Nave's pro se sentencing memorandum for the court's consideration. In that pro se sentencing memorandum, Nave set forth, inter alia, objections to the Career Offender classification. In response, the government set forth in its sentencing memorandum a detailed analysis as to why Nave had three prior qualifying convictions. As a result, the court undertook a detailed analysis of whether the prerequisites for the Career Offender classification were satisfied in Nave's case. The court concluded that they were.

-4-

Ruling on Am. Pet. (ECF No. 26) at 11-12.

In addition to ensuring that the issue of whether Nave was properly classified as a career offender was put before the court, Nave's counsel also made several arguments in a memorandum in aid of sentencing for a downward departure or, in the alternative, a non-Guidelines sentence, asserting that Nave's status as a career offender over-represented his criminal history.

On September 24, 2019, the court denied Nave's amended motion to set aside or correct sentence. The court stated that it would not issue a certificate of appealability because the petitioner had not made a substantial showing of the denial of a constitutional right. On November 20, 2019, a notice of appeal was filed with respect to "the final judgment dismissing the petition under 28 U.S.C. § 2255 entered in this action on September 24, 2019." Notice of Appeal (ECF No. 28) at 1. In addition, the notice of appeal stated that "Plaintiff filed an application for certificate of appealability concurrently in the Court of Appeals for the Second Circuit." Id.

On May 12, 2020, while the appeal was pending, the petitioner filed the instant motion. On May 28, 2020, the motion for certificate of appealability was denied and the appeal was dismissed. See Mandate (ECF No. 32).

**II. LEGAL STANDARD**

Federal prisoners can challenge a criminal sentence pursuant to 28 U.S.C. § 2255 "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal citation and quotation marks omitted). A petitioner may obtain review of his claims if he has raised them at trial or on direct appeal; if he did not, such a procedural default can be overcome by a showing of "cause" and "prejudice," Ciak v. United States, 59 F.3d 296, 302 (2d Cir. 1995) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002), or a showing of constitutionally ineffective assistance of counsel, see Murray v. Carrier, 477 U.S. 478, 487-88 (1986); Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002).

Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Thus, a § 2255 petition, or any part of it, may be dismissed without a hearing if, after a review of the record, the court determines that the motion is

without merit because the allegations are insufficient as a matter of law.

To prevail on an ineffective assistance of counsel claim, the petitioner must show, first, that his "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694 (internal quotation marks omitted). "That requires a substantial, not just conceivable, likelihood of a different result." Id. (internal quotation marks omitted). To satisfy the prejudice element of the Strickland test, a petitioner "must make more than a bare allegation" of prejudice. United States v. Horne, 987 F.2d 833, 836 (D.C. Cir. 1993). "The court's central concern is not with 'grad[ing] counsel's performance,' but with discerning 'whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.'" Unites States v. Aguirre, 912 F.2d 555, 561 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 696-67) (internal citations omitted)).  The court need not consider both

Strickland components "if the defendant makes an insufficient showing on one." Id. at 697 (noting that the court is not required to "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies").

**III. DISCUSSION**

    **A.    Fed. R. Civ. P. 60(b)**

The instant motion is being construed as one pursuant Fed. R. Civ. P. 60(b). The court did not have jurisdiction at the time Nave filed the instant motion because his filing of the notice of appeal had divested the court of jurisdiction. As explained in Ching v. United States:

> The filing of the notice of appeal divested the district court of jurisdiction over Ching's original § 2255 motion. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The district court could not rule on any motion affecting an aspect of the case that was before this Court, including a motion to amend the motion, while that appeal was pending. See Hernandez v. Coughlin, 18 F.3d 133, 138 (2d Cir.1994) (explaining that the district court lacked jurisdiction to rule on a motion to amend a complaint after a notice of appeal was filed) . . . .

Ching v. United States, 298 F.3d 174, n.5. (2d Cir. 2002). But even though the court had entered judgment after denying Nave's amended motion to vacate, set aside or correct sentence, the instant motion is not one that is a second or successive

-8-

petition that must be sent to the Court of Appeals for its gatekeeping function. "In the AEDPA context, adjudication of an initial habeas petition is not necessarily complete, such that a subsequent filing constitutes a 'second or successive' motion, simply because the district court rendered a judgment that is 'final' within the meaning of 28 U.S.C. § 1291." Ching, 298 F.3d at 178. As explained in Ching:

> When the district court ultimately disposed of Ching's August 1998 petition, the district court had pending before it Ching's March 1997 motion. Indeed, the district court reached the merits of that initial motion during the same proceeding in which it held that Ching's August 1998 petition was second or successive. Under these facts, we cannot say that adjudication of the initial § 2255 motion was complete when Ching filed his August 1998 petition. The district court therefore erred in treating Ching's August 1998 petition as a second or successive § 2255 motion.

Id. at 178-79. See also Fuller v. United States, 815 F.3d 112, n.2 (2d Cir. 2016) ("Fuller's third § 2255 motion cannot be deemed a motion to amend the second § 2255 motion because it was filed after the second § 2255 motion was denied by the district court, and, thus, no motion that could be amended was pending.").

If the facts of this case were similar to those in Ching, it would be proper to take up the instant motion as a motion to amend the petition which should be reviewed pursuant to Fed. R. Civ. P. 15. In Ching, the denial of the petitioner's first § 2255 motion was on appeal. While that denial was on appeal, the

-9-

petitioner filed a second petition with the district court. The Court of Appeals vacated the denial of Ching's initial petition and remanded it to the district court so that it could proceed to consider the merits of the claims raised in that initial § 2255 motion while the second petition was pending. Here, the Court of Appeals dismissed Nave's appeal as opposed to remanding the petition to the district court.

The consequences of the fact that here the Court of Appeals dismissed the appeal instead of remanding the petition was explained in Whab v. United States:

> [I]n the instant case, the district court never had the two petitions before it simultaneously. Before the subsequent petition was filed, the initial petition had already moved to appellate proceedings. This court has since denied a COA, so that the earlier petition will not be before the district court when this petition enters its docket. We can see no reason in these circumstances to instruct the district court to treat the new petition as a motion to amend the initial petition.

Whab v. United States, 408 F.3d 116, 119 (2d Cir. 2005).

Under Section 12 of the Federal Rules governing § 2255, "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply ... the Federal Rules of Civil Procedure . . . ." Were the facts in this case similar to those in Ching, i.e., at the time the court addresses the instant motion the earlier § 2255 motion is also on the court's docket, then addressing the instant motion as a

motion to amend pursuant to Fed. R. Civ. P. 15 would be the proper course. However, because that is not the case and because the instant motion was filed more than 28 days after the entry of judgment in this case, it appears that the instant motion is one that should be construed as one made pursuant to Fed. R. Civ. P. 60(b). As explained in Federal Practice and Procedure:

> Although Rule 15(a)(2) vests the district judge with virtually unlimited discretion to allow amendments by stating that leave to amend may be granted when "justice so requires," there is a question concerning the extent of this power once a judgment has been entered or an appeal has been taken. Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60. The party may move to alter or amend the judgment within 28 days after its entry under Rule 59(e) or, if the motion is made after that 28-day period has expired, it must be made under the provisions in Rule 60(b) for relief from a judgment or order. This approach appears sound. To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. Furthermore, the drafters of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must be obtained after judgment and the broad amendment policy of Rule 15(a) should not be construed in a manner that would render those provisions meaningless.

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1489 (3d ed. 2021)(footnotes omitted).

    **B. The Merits of the Instant Motion**

There are a number of grounds for relief under Rule 60(b). The ones that could possibly be relevant here are:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     . . .
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A review of the assertions made by Nave in the instant motion shows that there is no ground for relief under any of these provisions.

While Nave contended in his initial § 2255 motion that his counsel gave ineffective assistance of counsel at his sentencing by failing to argue that his prior convictions did not qualify as predicate offenses for purposes of the Career Offender enhancement, he now contends that his counsel gave ineffective assistance of counsel at the guilty plea stage in connection with the Career Offender enhancement.  Nave argues:

>    Petitioner will rely on the facts which the counsel displayed deficient performance when telling Petitioner to accept a stipulated Plea [bargain] under Rule 11(c)(1)(c) Plea deal.  The facts were clear at this relevant time, Petitioner counsel should have known that it was multiple decisions from Supreme Court.  See, Peugh v. United States, 569 U.S. 530, 541 . . ., Moncrieffe v. Holder, 133 S. Ct. 1678, 1684-85 . . . (2013), Descamps v. United States, 133 [] S. Ct. 2276, 2283 (2013) and Alleyne v. United States, 133 S. Ct. 2151, 2155 . . . (2013).  Petitioner will further turn if he was aware of these decisions during (ECF No. 244), it would be clear the outcome would have been different and the Plea [bargain] would have not been subject to "Career-Offender" guidelines binding Rule 11(c)(1)(c) under base offense 32.

Mot. to Suppl. and Amend § 2255 Mot. (ECF No. 30) at 2-3.

In a subsequent filing Nave agreed that his plea agreement was not a binding plea agreement pursuant to Fed. R. Cr. P. 11 (c)(1)(C).  See Pet'r's Obj. (ECF No. 36) at 1.

As to Nave's contention that his counsel gave him ineffective assistance of counsel by advising him to enter into a plea agreement in which he agreed to be subject to the Career Offender Guidelines, the pertinent provision of the plea agreement is as follows:

> The defendant's criminal history when applied to the present offense to which he is pleading guilty may qualify him as a Career Offender under § 4B1.1 of the Sentencing Guidelines.  As the offense of conviction carries a statutory maximum penalty of 20 years' imprisonment, the defendant's offense level would be 32, should the Court determine that he is a Career Offender. . . .  The defendant does not, however, agree that he is a Career Offender and reserves his right to challenge that designation [at] his sentencing hearing.

3:12-cr-00069-AWT-1, Plea (ECF No. 244) at 4.  Thus, the clear and unambiguous language of the plea agreement makes it clear that the defendant reserved the right to challenge the Career Offender designation at his sentencing hearing.

Consequently, there is no factual support for the grounds for relief Nave seeks to assert as additional grounds for relief under 28 U.S.C. § 2255.

## IV. CONCLUSION

For the reasons set forth above, the petitioner's motion to supplement and amend his amended motion to vacate, set aside, or

-13-

correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 30) is hereby DENIED.

The court will not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

It is so ordered.

Dated this 18th day of February 2022, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge